**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-413C

(Filed: December 12, 2014)

(NOT TO BE PUBLISHED)

**FILED**

**DEC 12 2014**

**U.S. COURT OF FEDERAL CLAIMS**

```
*************************************  )
                                       )
RICHARD COLEMAN,                       )
                                       )
                Plaintiff,             )
                                       )
        v.                             )
                                       )
UNITED STATES,                         )
                                       )
                Defendant.             )
                                       )
*************************************
```

Richard Coleman, *pro se*, Elizabeth City, North Carolina.[1]

Joseph E. Ashman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Stuart F. Delery, Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Richard Coleman, alleges numerous constitutional and statutory violations by the government and by individual government actors, including violations of the Fifth Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1983. *See* Compl. at 1, 7. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). *See* Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1, ECF No. 7. Also pending before the court is Mr. Coleman's motion to amend his complaint. Pl.'s Motion to Amend Pleadings, ECF No. 10.

---

[1] Mr. Coleman's residence is not precisely specified. In his complaint, he states that his permanent residence is in Pasquotank County, North Carolina, but he also claims to "reside and do business in the []District of Columbia at the time of filing his complaint." Compl. at 2.

## BACKGROUND

In early 2013, Mr. Coleman filed a complaint in the United States District Court for the District of Columbia against his ex-wife and the mother of his child for "specific [tortious] acts of slander, libel, defamation of character, and alienation of affection." Compl. at 3-7; *see Coleman v. Silver*, 939 F. Supp. 2d 27, 28 (D.D.C. 2013). On April 17, 2013, the district court dismissed Mr. Coleman's complaint for failure to establish personal jurisdiction over the defendant. *Coleman*, 939 F. Supp. 2d at 29. Mr. Coleman subsequently filed suit in this court on April 14, 2014, averring that Judge Ellen Segal Huvelle, the presiding judge in the district court case, committed acts of judicial misconduct and deprived him of the right to due process and equal protection guaranteed by the Fifth and Fourteenth Amendments when she dismissed his case. Specifically, Mr. Coleman alleges that the judge's opinion "willfully and prejudicially misrepresented the facts, resulting in manifest injustice" because it described his complaint as "sparse on concrete facts," Compl. at 5 (referring to *Coleman*, 939 F. Supp. 2d at 28), and erred in its analysis of the court's personal jurisdiction over the defendant, *id.* at 5. Additionally, Mr. Coleman accuses the judge of "giving the appearance of partiality for the female [d]efendant," *id.*, and discriminating against him, presumably on the basis of his sex, *id.* at 7.[2]

Mr. Coleman also alleges that inappropriate actions prejudicing him were taken by Judge Kenneth McHugh, a former judge on the New Hampshire Superior Court, justices serving on the New Hampshire Supreme Court, and the "'gate-keeper' [c]lerk of the [United States] Supreme Court." Compl. at 8-11. He specifically alleges that Judge McHugh acted "unofficially" and engaged in "extra-judicious meddling" in violation of N.H. Rev. Stat. Ann. § 491:8 when he incorrectly granted summary judgment to the defendant in a case brought by Mr. Coleman in New Hampshire Superior Court. *Id.* at 9.[3] Mr. Coleman additionally claims that the justices of

---

[2] Mr. Coleman also accuses Judge Huvelle of "denying [him] his day in [c]ourt" by dismissing his claims against judges of the New Hampshire Superior Court and New Hampshire Supreme Court. Compl. at 13-14.

[3] Mr. Coleman does not specify the name or subject matter of the case that was dismissed in New Hampshire. The New Hampshire statute he cites provides in pertinent part:

> The superior court shall have jurisdiction to enter judgment against the state of New Hampshire founded upon any express or implied contract with the state. Any action brought under this section shall be instituted by bill of complaint and shall be tried by the court without a jury. The jurisdiction conferred upon the superior court by this section includes any set-off, claim or demand whatever on the part of the state against any plaintiff commencing an action under this section. The attorney general, upon the presentation of a claim founded upon a judgment against the state, shall submit the claim to the department or agency which entered into the contract, and said department or agency shall manifest said claim for payment from the appropriation under which the contract was entered into; provided, that if there is not sufficient balance in said appropriation, the attorney general shall present said claim to the general court for the requisite appropriation.

2

the New Hampshire Supreme Court willfully violated N. H. Rev. Stat. Ann. § 491:8 and deprived him of his Fourteenth Amendment right to equal protection by affirming the superior court judge's decision. *Id.* at 10. Finally, Mr. Coleman accuses the clerk of the United States Supreme Court of abusing his authority by incorrectly informing him of the time of tolling for his case and placing his petition for a rehearing pursuant to United States Supreme Court Rule 44 in "legal limbo" in violation of his constitutional rights to due process and equal protection. *Id.* at 11.

Mr. Coleman avers that each of the individuals named in his complaint has waived his or her right to judicial immunity by "act[ing] under the color of the law" to deny him his constitutional rights. Compl. at 12. Finally, he alleges that the named judges and clerk engaged in a civil conspiracy to deprive him of these rights. *Id.*

In terms of relief, Mr. Coleman demands damages amounting to "$25,000 for each of the seven counts in his Complaint and for the 30 years he [has] been injured." Compl. at 8.

## STANDARDS FOR DECISION

### A. Subject Matter Jurisdiction

Mr. Coleman premises this court's jurisdiction on the Tucker Act, 28 U.S.C. § 1491. *See* Pl.'s O[pposition] to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 9. The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act waives sovereign immunity, allowing a claimant to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act itself, however, does not provide a substantive right to monetary relief against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1321 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To fulfill the jurisdictional requirements of the Tucker Act, the plaintiff must establish an independent right to monetary damages by identifying a substantive source of law that mandates payment from the United States for the injury suffered. *Testan*, 424 U.S. at 400; *see also Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

The "court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)) (internal quotation marks omitted). When assessing a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The plaintiff bears the burden of

---

N.H. Rev. Stat. Ann. § 491:8.

3

"alleg[ing] in his pleading the facts essential to show [subject matter] jurisdiction" by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Reynolds*, 846 F.2d at 748.

In general, the court holds pleadings filed by *pro se* plaintiffs to "'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Therefore, Mr. Coleman nonetheless "bears the burden of establishing the [c]ourt's jurisdiction by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

### B. Failure to State a Claim

To survive a motion to dismiss for failure to state a claim, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). In addition, the facts alleged must "'plausibly suggest[] (not merely [be] consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). While the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 545, it must present more than "'naked assertion[s] devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (alteration in original), or "the-defendant-unlawfully-harmed-me-accusation[s]," *id.* (citing *Twombly*, 550 U.S. at 555). In determining whether the plaintiff has pled adequate facts to allow the court to infer that his or her entitlement to relief is plausible—not merely possible—the court must "draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and "must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff," *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

## ANALYSIS

### A. Subject Matter Jurisdiction

As a preliminary matter, Mr. Coleman may not bring claims against Judge Huvelle, Judge McHugh, justices of the New Hampshire Supreme Court, or the clerk of the United States Supreme Court as individual defendants before this court. This court does not have jurisdiction to hear claims against judges or clerks of the court. The "*only* proper defendant for any matter before this court is the United States, not its officers nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Mr. Coleman avers that Judge Huvelle, Judge McHugh,

and justices of the New Hampshire Supreme Court waived their judicial immunity under 1983 U.S.C. § 42 by acting "extra-judiciously, under the color of law, so as to deny [him of] his [Fifth] and [Fourteenth] Amendment right to due process and his [Fourteenth] Amendment [guarantee of] equal protection under the laws." Compl. at 7, 9, 11.[4] However, 42 U.S.C. § 1983 does not confer jurisdiction on this court to hear claims against individuals. *See generally McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997) ("It is well settled that this court does not have jurisdiction over civil rights claims brought under Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1983.").

In addition, Mr. Coleman alleges constitutional violations that this court has no jurisdictional power to address. "Although this court may exercise jurisdiction over claims 'founded . . . upon the Constitution,' the scope of this court's jurisdiction over constitutional claims is limited to claims arising under provisions of the Constitution that mandate the payment of money." *Miller v. United States*, 67 Fed. Cl. 195, 199 (2005) (citing 28 U.S.C. § 1491(a)(1)). Mr. Coleman's asserted violations of the Due Process Clauses in the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment are not by themselves money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *see also James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) ("[T]he Court of Federal Claims lacks jurisdiction over [Due Process Clause claims] because [the Due Process Clause] . . . is [not] a money-mandating provision."); *Wagstaff v. United States*, 105 Fed. Cl. 99, 109 (2012), *aff'd*, __ Fed. Appx. __, 2014 WL 6892075 (Fed. Cir. Dec. 9, 2014). Therefore, the court lacks jurisdiction to adjudicate Mr. Coleman's constitutional claims.

Finally, Mr. Coleman raises a contract claim as a basis for jurisdiction, arguing that when he "paid for the service of the [f]ederal [c]ourt for the District of Columbia, a *quid pro quo* relationship existed between [him] and the United States in which, in return for [his] payment of fees, the United States promised [him] a fair and impartial [f]ederal [c]ourt." Pl.'s Opp'n at 3. He alleges that the district court's failure to provide him with a "fair and impartial judiciary" effectively constituted a breach of contract, entitling him to monetary relief. *Id.* As the government correctly notes in its reply in support of its motion to dismiss, Mr. Coleman's claim

---

[4] 42 U.S.C. § 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

is meritless because, as a matter of law, the mere payment of a filing fee and other litigation-related expenses does not create a contract between a plaintiff and the United States. Def.'s Reply in Support of Mot. to Dismiss and Opp'n to Pl.'s Mot. to Amend the Compl. ("Def.'s Reply"), ECF No. 11; *see Garrett v. United States*, 78 Fed. Cl. 668, 671 (2007) (noting that there is no authority supporting plaintiff's proposition that filing a complaint alone constitutes the making of a contract with the United States); *see also Stamps. v. United States*, 73 Fed. Cl. 603, 610 (2006) (finding that the court lacked jurisdiction to hear plaintiff's claim alleging breach of an implied-in-fact contract with a district court judge, stemming from the judge's acceptance of the filing of a complaint *in forma pauperis*). Therefore, Mr. Coleman's contract claim does not confer jurisdiction on this court to hear his case.

In sum, the court does not have jurisdiction over Mr. Coleman's claims.

### B. *Failure to State a Claim*

The government argues that in the alternative Mr. Coleman's complaint should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Def.'s Mot. at 1. Mr. Coleman's complaint fails to make a facially plausible showing of wrongdoing by the United States. With regard to claims against Judge Huvelle, Mr. Coleman concludes that the judge acted with partiality based on blanket allegations that she "knew, or should have known" that his underlying action in tort had merit and the court had personal jurisdiction over the defendant through the District of Columbia's long-arm statute. *See* Compl. at 5-7. Mr. Coleman offers no support for his allegations of partiality or discrimination by Judge Huvelle. *See generally* Compl. at 7. Similarly, Mr. Coleman accuses Judge McHugh of acting "unofficially" because he "knew, or should have known, he had acted contrary to [Rev. Stat. Ann. § 491:8]" and concludes that two justices of the New Hampshire Supreme Court acted with "extra-judicial indiscretion" merely because they affirmed Judge McHugh's decision. Compl. at 9, 10. Finally, Mr. Coleman accuses the clerk for the United States Supreme Court of "'activist' meddling" solely because his Motion for Reconsideration was denied. Compl. at 11. Mr. Coleman's allegations amount to "the-defendant-unlawfully-harmed-me-accusation[s]" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555), and establish an insufficient basis for relief.

In conclusion, Mr. Coleman fails to state a claim upon which relief can be granted.

### CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. Coleman's complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. Even if the court were to have jurisdiction, Mr. Coleman's complaint would be unavailing for failure to state a claim upon which relief can be granted. Mr. Coleman's motion to amend the pleadings is DENIED because the proffered amendment does nothing to ameliorate the jurisdictional defects in the original complaint. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge